# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**JAMES MORRIS**                                                                              **PETITIONER**

**V.**                              **NO. 2:21-CV-00145-JM-JTK**

**JOHN P. YATES,** *Warden*
**FCI Forrest City**                                                                              **RESPONDENT**

## RECOMMENDED DISPOSITION

The following recommended disposition has been sent to United States District Court Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

3. An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A 149
> Little Rock, AR 72201-3325

## Introduction

Morris, an inmate at the Forrest City Federal Correction Institution ("FCI") asserts that the Bureau of Prisons (BOP) owes him seven days of good credit time for the sixteen years and three months he served on a 230-month sentence. (Doc. No. 1) He asserts that he only received 47 days of good time per year instead of the 54 days per year he alleges is mandated by the First Step Act (FSA). *Id.* He contends that the additional 7 days per year he is allegedly owed should be applied to the sentence he is serving for supervised release violations. *Id.* For the reasons that follow, the Court recommends that Petitioner James Morris's 28 U.S.C. § 2241 habeas petition should be dismissed without prejudice.

## Background

On December 4, 2002, in the United States District Court for the Northern District of Mississippi, Morris pleaded guilty to Possession with Intent to Distribute in Excess of Five Grams of Cocaine Base, in violation of 21 U.S.C. § 841(a) and (b)(1)(B), and Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1) and §924(a)(2). He was sentenced to 230 months and 120 months to be served concurrently; five years of supervised release, and a special assessment of $200. (Doc. No. 9) The Fifth Circuit Court of Appeals affirmed his conviction. *United States v. Morris*, 85 F.App'x 373 (5th Cir. 2003) (unpublished per curium).

Morris Filed a Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255 on April 16, 2004, which was ultimately dismissed with prejudice. (Doc. No. 9) (citing electronic case file (ECF) 109). On November 25, 2009, Morris filed a Motion for Reduction of his Sentence under 18 U.S.C. § 3582 – amending his motion twice – but the district court denied his motions. *Id.* at ECF 126, 128, 129, 133, 167, 169, 170. Morris appealed, and the Fifth Circuit Court of Appeals ordered the appeal to be "dismissed as frivolous." (Doc. No. 9, Ex. 2) In July of 2013, Morris filed a second Motion to Vacate, Set Aside, or Correct His Sentence under 28 U.S.C. § 2255 that was transferred to the Fifth Circuit Court of Appeals for permission to file a successive § 2255 motion. (Doc. No. 9 at ECF 178, 179) The Fifth Circuit denied Morris's Motion. (Doc. No. 9, Ex. 3; ECF 189).

In November of 2013, Morris filed another Motion for Reduction of His Sentence under 18 U.S.C. § 3582, the district court denied his motion, (Doc. No. 9, ECF 188, 192) he appealed, and the fifth circuit dismissed his appeal. *Id.* at Ex. 4. Morris filed a Motion for Relief from the Judgment, the District Court denied it, and he appealed. (Doc. No. 9, ECF 200, 203, 206) The appeal was dismissed for want of prosecution (Doc. No. 9, Ex. 5; ECF 220) On July 14, 2014, Morris filed a Motion to Correct Errors in his PSR; the district court denied the motion. (Doc. No. 9; ECF 208, 210) He appealed, but his Certificate of Appealability was denied, and his appeal was dismissed. (Fifth Circuit Case No. 14-60104, Ex. 6; ECF 213, 216, 217).

In February of 2016, Morris filed a § 2255 seeking to be resentenced based on *Johnson v. United States*, 576 U.S. 591 (2015). (ECF 221) The district court denied Morris's authorization to file a successive § 2255 motion (ECF 224) In June of 2016 Morris filed another § 2255 asking again for the court to correct his sentence. The district court dismissed the motion with prejudice and denied a certificate of appealability. (ECF 225, 230, 232) Morris moved for Modification of

3

his Sentence in July of 2016, again based on *Johnson*, but the district court dismissed the motion. (ECF 227, 234).

In August of 2018, while still serving his 230-month sentence, Morris was transferred to a Residential Reentry Center. (Doc. No. 9, Ex. 7) He was officially released from his sentence via Good Conduct Time in May of 2018, *See id.* and his five-year term of supervised release began. On April 26, 2021, Morris made an Initial Appearance for Revocation of Supervised Release. (ECF 251) He filed a Motion for early termination of supervised release on May 6, 2021, and the district court denied his motion. (ECF 257, 275)

On August 13, 2021, the district court revoked Morris' supervised release based on five violations for Use of a Controlled Substance and one violation for Failure to Comply with Treatment, and he was sentenced to eight months in prison followed by three years of supervised release. (ECF 259) Morris appealed on August 19, 2021. (5th Cir, Case No. 21-60660) His appeal is still pending. On October 26, 2021, Morris filed a § 2255 motion to vacate the sentence imposed as a result of the revocation of his supervised release. The same day, he also filed a motion asking the district Court to hold his § 2255 motion in abeyance pending his related appeal. (ECF 303, 304).

Finally, Morris filed the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 on October 28, 2021. Here, he asks this Court to apply to his new federal revocation sentence Good Time Credits allegedly earned while serving his previous federal sentence. Morris is Currently serving that 8-month supervised release revocation sentence with a projected release date via Full Term Release of February 17, 2022. (Doc. No. 9, Ex. 7) Morris contends that he attempted to resolve his complaint informally, but did not file a formal complaint or grievance, did not appeal to the Warden or Chief Administrative Officer, did not appeal to the Regional Commissioner or

the Administrative Review Board, and did not appeal to the General Counsel. (Doc. No. 1 pg. 5) When asked why he failed to use the administrative remedy procedure, he states that he "wrote a letter of request to Designations and Sentence Computations, Grand Prairie..." *Id.*; *See* (Doc. No. 1 Ex. 1).

**Discussion**

Morris has not met his burden of showing that he has exhausted administrative remedies. *See Mathena v. United States*, 577 F.3d 1069, 1069 (8th Cir. 2000) ("a prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP); *see also Nichols v. Hendrix*, 2020 WL 5201226 (E.D. Ark. Aug. 31, 2021) (an inmate has a "legal obligation to challenge and administratively exhaust the BOP's alleged improper exercise of authority before initiating a § 2241 habeas claim that the BOP's decision violated the prisoner's constitutional rights") (internal citations omitted).

To fully exhaust his administrative remedies, Morris must complete four steps: he must (1) first present his claims to an appropriate prison staff member by submitting a request for informal resolution; (2) if the claim is not resolved to his satisfaction, he must then present a formal written claim to the warden (Form BP-9); (3) if Morris is not satisfied with the warden's response, he must appeal to the Regional Director (Form BP-10); and (4) if he is still dissatisfied, he must take a final appeal to the General Counsel in the Central Office (Form BP-11). 28 C.F.R. §§ 542.10-.19; *see Banks-Davis*, 2017 WL 11549565 (the BOP has a multi-tiered administrative remedy program through which an inmate may seek "formal review of an issue relating to any aspect of his/her own confinement.").

The requirement that a prisoner exhaust administrative remedies applies to the computation of sentence credit awards such as "good conduct time" credits. *See Fleming v. Joseph*, No. 3:20 -

cv-5990-LC-HTC, 2021 WL 1669361, at *2 (N.D. Fla. Apr.7, 2021), Report and recommendation adopted, No. 3:20-cv-5990-LC-HTC, 2021 WL 1664372 (N.D. Fla. Apr. 28, 2021) (citing *DeJesus v. Woods*, No. 2:19-cv-121-WHA, 2019 WL 3326199 at 5 (M.D. Ala. June 21, 2019) (Recommending dismissal of § 2241 petition seeking good conduct time and placement on home confinement under FSA as premature and explaining that, even if petition were ripe for review, court would not address merits of claims because petitioner did not exhaust administrative remedies)).

Morris admits that he did not follow the administrative remedy procedures (Doc. No. 1 pg. 5). With his petition, Morris attached several "Inmate Request to Staff" BP-A148.055 Forms and a letter that he contends he sent to the Designation and Sentence Computation Center in Grand Prairie, Texas, that discusses his claimed entitlement to extra Good Conduct Time Credit. These filings are not related and are not a substitute for the Administrative Remedy Procedure  He must exhaust the administrative remedy procedure before seeking habeas relief. *See* 28 C.F.R. §§ 542.10-.19. Morris has not completed the four steps that must be taken in order to satisfy the exhaustion requirement, thus the Court recommends that his Petition be dismissed without prejudice. *Mathena*, 577 F.3d at 946.

Under Rule 11 of the Rules Governing Section 2254 Cases (which applies to cases under § 2241 as well), the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. The question is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Morris has not made a substantial showing of a denial of a constitutional right, so no certificate will issue.

**Conclusion**

**IT IS THEREFORE RECOMMENDED** that:

1. Petitioner James Morris's Petition for Writ of Habeas Corpus (Doc. No. 1) be **DISMISSED** without prejudice.

2. A certificate of appealability be **DENIED** pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED** this 31st day of January, 2022.

_____
UNITED STATES MAGISTRATE JUDGE